**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01525-NYW

EMILIO ENRIQUE PEREZ CARMONA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
TODD LYONS, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

     Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Petitioner Emilio Enrique Perez Carmona ("Petitioner") is a citizen of Mexico who has been present in the United States for 26 years. [*Id.* at ¶ 1]. Petitioner was taken into ICE custody on January 26, 2026. [*Id.*]. On March 4, 2026, an immigration judge granted Petitioner release on bond; however, "Petitioner is not allowed to post bond because [the Department of Homeland Security] filed an EOIR-43 and appealed the bond grant to the Board of Immigration Appeals." [*Id.* at ¶¶ 2–3]. He argues that his current detention violates the Immigration and Nationality Act, the Administrative Procedure Act, and his substantive and procedural due process rights under the Fifth Amendment. [*Id.* at ¶¶ 44–89]. He seeks, among other things, a Court order requiring Respondents to release him from detention within 24 hours. [*Id.* at 19].

Upon review of the Petition, the Court concludes that good cause exists to enter

an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by

overnight mail on or before **April 21, 2026**.  Petitioner shall promptly file proof of such service on the docket by **April 23, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1)    Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **April 21, 2026** and shall file proof of service on or before **April 23, 2026**;

(2)    Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3)    Any reply shall be filed no later than **seven days** after the Response is filed; and

(4)    Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  April 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

3