**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01525-NYW

EMILIO ENRIQUE PEREZ CARMONA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
TODD LYONS, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

     Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a response in opposition, [Doc. 9], and Petitioner has replied, [Doc. 10]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Emilio Enrique Perez Carmona ("Petitioner" or "Mr. Perez Carmona") is a citizen of Mexico who has been present in the United States for 26 years. [Doc. 1 at ¶ 21]. He was taken into ICE custody on January 26, 2026 and placed in removal proceedings. [*Id.* at ¶¶ 22–23]. On February 25, 2026, Petitioner filed an application for cancellation of removal and adjustment of status, and on March 4, 2026, Petitioner appeared at a custody redetermination hearing. [*Id.* at ¶¶ 24–25]. At that hearing, the immigration judge ("IJ") first determined that there was jurisdiction to grant bond under 8

U.S.C. § 1226.  *See* [Doc. 1 at ¶ 26].  The IJ also found that Mr. Perez Carmona is neither a danger to the community nor a flight risk and, as a result, granted him release on bond. [*Id.* at ¶¶ 27–29].  Although Petitioner's family attempted to pay the bond the next day, they were unable to because the Department of Homeland Security ("DHS") had appealed the immigration judge's decision.  [*Id.* at ¶ 31].  DHS's appeal is based on its position that Mr. Perez Carmona is detained under 8 U.S.C. § 1225(b)(2), not 8 U.S.C. § 1226, as the immigration judge found.  [*Id.* at ¶ 34].  The Government currently purports to detain Mr. Perez Carmona pursuant to the automatic stay that follows an appeal of a bond determination under 8 C.F.R. § 1003.19(i)(2).  [Doc. 9 at 4–6].  Mr. Perez Carmona remains detained at the Aurora ICE Processing Center.  [Doc. 1 at ¶ 9].

Petitioner brings six claims challenging the lawfulness of his detention: (1) violation of the Immigration and Nationality Act ("INA") ("Count One"); (2) violation of the Administrative Procedure Act ("Count Two"); (3) violation of his Fifth Amendment substantive due process rights based on the initial unlawfulness of his detention ("Count Three"); (4) violation of his Fifth Amendment procedural due process rights ("Count Four"); (5) violation of his Fifth Amendment substantive due process rights based on the automatic stay ("Count Five"); (6) violation of his Fifth Amendment procedural due process rights based on the automatic stay ("Count Six").  [Doc. 1 at ¶¶ 44–89].  He asks this Court to issue a writ of habeas corpus directing that he be immediately released.  [*Id.* at 19].

The matter is fully briefed.  [Doc. 9; Doc. 10].  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept.

16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

### I.    Habeas Corpus

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

### II.    Automatic Stay Provision

Under 8 U.S.C. § 1226(a), non-citizens may be detained pending a decision whether they will be removed from the United States.  8 U.S.C. § 1226(a).  Non-citizens detained pursuant to § 1226 have the right to seek release on bond.  8 U.S.C. § 1226(a)(2); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).  If bond is granted, DHS may appeal that determination to the BIA.  8 C.F.R. § 1003.19(f).  Once DHS files a timely notice of intent to appeal, "any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed."  8 C.F.R. § 1003.19(i)(2).  This stay is "[a]utomatic" and causes the release order to "remain in abeyance pending decision of the appeal by the Board."  *Id.*

3

If the BIA does not act on the appeal of the bond determination, the automatic stay "lapse[s] 90 days after the filing of the notice to appeal." 8 C.F.R. § 1003.6(c)(4). However, at that point, "DHS may seek a discretionary stay pursuant to 8 C.F.R. § 1003.19(i)(1)" to continue to stay the immigration judge's order. 8 C.F.R. § 1003.6(c)(5). That stay remains in effect "during the time it takes for the [BIA] to decide whether or not to grant a discretionary stay," not to exceed 30 days. *Id.* If the BIA authorizes the non-citizen's release, denies a motion for discretionary stay, or fails to act on such a motion before the automatic stay period expires, the non-citizen's release is "automatically stayed for five business days." 8 C.F.R. § 1003.6(d). During that additional five-day period, DHS can choose to refer the bond decision to the Attorney General, which extends the automatic stay for another 15 business days. *Id.* The Attorney General can then extend the stay "pending the disposition of [the] custody case." *Id.*

### ANALYSIS

The salient question before this Court is whether DHS's application of the automatic stay, 8 C.F.R. § 1003.19(i)(2), violates Petitioner's rights in light of the circumstances of this case. The Court's analysis begins and ends with Count Six, which asserts that the automatic stay violates Petitioner's procedural due process rights.

To determine whether civil detention violates the detainee's due process rights, courts consider the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335;

*see also Moreno Santana v. Baltazar*, No. 26-cv-00787-WJM-SBP, 2026 WL 709759, at *3 (D. Colo. Mar. 13, 2026) (collecting cases from this District that have applied the *Mathews* test in immigration habeas cases, including in cases deciding the same question as presented here).

Respondents argue that the *Mathews v. Eldridge* test "does not apply here" because "[t]he Supreme Court has never used the framework set forth in *Eldridge* to evaluate due process for noncitizens." [Doc. 9 at 8].  They direct the Court to *Landon v. Plasencia*, wherein the Supreme Court stated that courts "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," 459 U.S. 21, 34 (1982), and contend that this language suggests that "the procedural due process analysis for noncitizens is deferential," [Doc. 9 at 8].  But in *Landon*, the Supreme Court endorsed the use of the *Mathews v. Eldridge* test "in <u>any case,</u>" 459 U.S. at 34 (citing *Mathews*, 424 U.S. at 334–35) (emphasis added), and indeed, did consider these factors in its due process analysis, *id.* at 34–35, 36–37.  It is thus incorrect to state that the Supreme Court has "never used" the *Mathews* test to evaluate noncitizens' due process claims.  The Court agrees with the weight of authority in this District that employing the *Mathews* framework is appropriate in these circumstances.  *Moreno Santana*, 2026 WL 709759, at *3.

As explained below, all three *Mathews* factors strongly support Mr. Perez Carmona's position that application of 8 C.F.R. § 1003.19(i)(2)'s automatic stay violates his procedural due process rights.

***Private Interest.***  There is no question that Mr. Perez Carmona has a significant private interest at stake.  Indeed, "the interest in being free from physical detention" is

"the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment . . . lies at the heart of the liberty that Clause protects.").

Respondents acknowledge that Petitioner has a liberty interest at stake, but they argue that this "liberty interest is limited" because he is a noncitizen in removal proceedings. [Doc. 9 at 9 (quoting *Rojas v. Olson*, No. 25-cv-01437-BHL, 2025 WL 3033967, at *13 (E.D. Wis. Oct. 30, 2025))]. The Court is not persuaded by this argument and agrees with the weight of authority in this District establishing that immigration detainees maintain a liberty interest in freedom from detention.

Respondents also argue that Petitioner's liberty interest is not strong because the automatic stay will expire after 90 days, asserting that Petitioner's detention "is not likely to greatly exceed 90 days." [Doc. 9 at 9]. This argument ignores the fact that "there are several possibilities for the detention being extended after the 90-day period lapses, including the stay being extended due to custody proceedings." *Carralero Silvera v. Baltazar*, No. 26-cv-00926-PAB, 2026 WL 1295358, at *3 (D. Colo. May 12, 2026) (first citing *Rivas v. Baltazar*, No. 26-cv-00442-SKC, 2026 WL 444732, at *1 n.2 (D. Colo. Feb. 17, 2026); and then citing 8 C.F.R. § 1003.6(c)(5)–(d)). And "freedom from 90 days of physical detention still constitutes a significant private interest." *Id.*

An immigration judge has determined that Mr. Perez Carmona does not pose a flight risk or danger to the community. [Doc. 1 at ¶¶ 27–28; Doc. 1-5 at 2]. Moreover, Mr. Perez Carmona has no criminal history. [Doc. 1-5 at 2]. Despite this, the automatic stay has resulted in Petitioner's continued detention at a detention facility that a court in this District has previously found "strongly resemble[s] penal confinement." *Arostegui-*

*Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 940 (D. Colo. 2025).  Petitioner has been detained for nearly four months, [Doc. 1 at ¶ 22], and as a result, he has been separated from his family, including his youngest daughter who is currently undergoing cancer treatment, [*id.* at ¶¶ 21, 67]; *see also Moreno Santana*, 2026 WL 709759, at *3 ("[Petitioner's] loss of freedom comes at significant cost. . . .  [A]s a result of the automatic stay regulation, the Government has separated [Petitioner] from his family.").  This factor strongly weighs in Petitioner's favor.

**Risk of Erroneous Deprivation.**    There is a substantial risk of erroneous deprivation of Petitioner's liberty interest through the use of the automatic stay provision. "[T]he only individuals subject to the automatic stay are those who, by definition, prevailed at their bond hearing."  *Merchan-Pacheo v. Noem*, No. 25-cv-03860-SBP, 2026 WL 88526, at *15 (D. Colo. Jan. 12, 2026) (quoting *Carlon v. Kramer*, No. 25-cv-03178, 2025 WL 2624386, at *3 (D. Neb. Sept. 11, 2025)).  "Yet despite prevailing at his bond hearing, the automatic stay provision allowed the Government to effectively disregard the IJ's custody determination and deprive [Mr. Perez Carmona] of his liberty anyway."  *Granillo Chavarria v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 696580, at *3 (D. Colo. Mar. 12, 2026). And as noted by other courts, proceedings before the BIA, and potentially the Tenth Circuit, could take years.  *See Mardanpour v. Warden*, No. 26-cv-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026).

In using the automatic stay provision to stay the immigration judge's bond order, the Government was not required to demonstrate any individualized facts or show any likelihood of success on the merits.  *See* 8 C.F.R. § 1003.19(i)(2); *Rivas*, 2026 WL 444732, at *3.  Meanwhile, typically, "to obtain a stay of a judge's order requires a party to, *inter*

*alia*, make 'a strong showing' that it is likely to succeed on the merits of its challenge to that order." *Granillo Chavarria*, 2026 WL 696580, at *4 (quoting *Maza v. Hyde*, 807 F. Supp. 3d 42, 49 (D. Mass. 2025) (in turn quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009))). "By flipping the traditional rules governing requests to stay pending appeal, the automatic stay regulation invites significant risk of error in decisions that deprive individuals of their liberty." *Sampiao v. Hyde*, 799 F. Supp. 3d 14, 33 (D. Mass. 2025); *see also Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1188 (D. Minn. 2025) ("[A] stay of an order directing the release of a detained individual is an 'especially' extraordinary step, because '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987))). This factor weighs in favor of Mr. Perez Carmona.

**The Government's Interest.** Finally, the Government does not have a significant interest in keeping Mr. Perez Carmona detained by way of the automatic stay regulation. A neutral decision-maker has already found that Petitioner does not pose a flight risk sufficient to deny bond. *See* [Doc. 1-5 at 2]. In such cases, the Government's interest in "preventing flight risks," *see* [Doc. 9 at 10], "is unsubstantiated and based on nothing more than mere conjecture," *Moreno Santana*, 2026 WL 709759, at *5.

In sum, weighing the *Mathews* factors leads to the conclusion that application of the automatic stay provision violates Mr. Perez Carmona's procedural due process rights.[1] The Petition is therefore **GRANTED** as to Count Six. Because an immigration

---

[1] The other district judges in this District who have confronted this issue have also concluded that the automatic stay regulation violates the procedural due process rights of non-citizens similarly situated to Petitioner. *See, e.g., Rivas*, 2026 WL 444732 (Crews, J.); *Arana-Hernandez v. Baltasar*, No. 26-cv-00725-CNS, 2026 WL 696642 (D. Colo. Mar. 12, 2026) (Sweeney, J.); *Granillo Chavarria*, 2026 WL 696580 (Martínez, J.); *Rodriguez*

judge has already determined that Petitioner is entitled to release on bond, the appropriate remedy is immediate release upon posting the bond ordered by the immigration judge.

Respondents are **ORDERED** to release Mr. Perez Carmona within **24 hours** of Petitioner posting the required bond.  Though Mr. Perez Carmona also asserts that the automatic stay violates other rights, the Court need not reach those arguments because it grants the relief sought based upon Count Six alone.

Finally, insofar as Petitioner asks the Court to award attorney's fees under the Equal Access to Justice Act, [Doc. 1 at 20], the Court notes that the Tenth Circuit recently held that this statute "unambiguously authorize[s] fees in habeas actions challenging immigration detention," *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).  However, this District's Local Rules require that a request for fees be made through a separate motion, *see* D.C.COLO.LCivR 54.3, so a fee award is not appropriate at this juncture.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)  The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** as set forth herein;

(2)  Within **24 hours** of Petitioner posting the bond ordered by the immigration judge, Respondents **SHALL RELEASE** Petitioner from custody; and

(3)  Within **five days** of Petitioner posting bond, the Parties shall file a joint status

---

*Alfaro v. Baltazar*, No. 26-cv-01200-PAB, 2026 WL 935969 (D. Colo. Apr. 7, 2026) (Brimmer, J.).  And "at least 50 district court decisions across the United States" have found the same.  *Rodriguez Alfaro*, 2026 WL 935969, at *3 (quoting *M.P.L. v. Arteta*, No. 25-cv-05307-VSB, 2025 WL 3288354, at *7 (collecting cases)).

report stating (1) whether Petitioner has been released on bond and (2) whether any additional proceedings in this matter are required.

DATED:  May 18, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge